IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CHANZE LAMOUNT PRINGLER, | § | |
| | § | |
| Movant, | § | |
| | § | CIVIL ACTION NO. 5:16-CV-008-C-BQ |
| v. | § | CRIMINAL NO. 5:11-CR-040-01-C |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Movant Chanze Lamount Pringler, a federal prisoner, brings this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 1. The respondent is the United States of America (Government). On October 5, 2018, the United States District Judge referred the matter to the undersigned magistrate judge for the limited purpose of conducting an evidentiary hearing and filing findings of fact and conclusions of law regarding "Movant's claim that his trial counsel rendered ineffective assistance of counsel with respect to the Government's plea offer." ECF No. 17. The district judge also authorized the magistrate judge to appoint counsel "only for the limited purposes of representing Movant at the evidentiary hearing and, if necessary, filing any objections to the Report and Recommendation." *Id.* at n.1.

### I.   Procedural History

On June 1, 2011, the United States of America indicted Pringler on three counts. David Martinez filed a notice of appearance as retained counsel for Pringler on June 21, 2011. The Government subsequently filed a superseding indictment on August 10, 2011, charging Pringler with a single count of sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1).

1

Pringler elected to proceed to trial, and on August 24, 2011, a jury found Pringler guilty. On December 22, 2011, Senior United States District Judge Sam R. Cummings sentenced Pringler to serve a 405-month prison term followed by ten years of supervised release. Pringler filed a direct appeal; the United States Court of Appeals for the Fifth Circuit affirmed Pringler's sentence and conviction. Thereafter, Pringler filed a § 2255 motion, and on February 5, 2016, he filed an amended motion. *See* Am. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 4) [hereinafter "Motion"].

Through his Motion, Pringler alleges that Mr. Martinez provided ineffective assistance of counsel regarding the Government's plea offer. Specifically, Pringler contends that Martinez "did not explain to the movant the law under which the movant was charged," "failed to provide the movant with the proper legal advice that would have allowed the movant to properly evaluate whether he should have accepted the [plea] offer," and "failed to provide the movant with proper advice as to his chances of winning at trial." Motion, at 5. On April 8, 2016, the Government filed its response in opposition to Pringler's Motion. ECF No. 7.

On May 3, 2016, the court entered an order denying Pringler's Motion and dismissing it with prejudice. ECF Nos. 10, 11. Pringler appealed the dismissal, and on August 13, 2018, the Fifth Circuit "vacate[d] the district court's order denying Pringler's § 2255 motion only as to Pringler's claim that counsel rendered ineffective assistance of counsel . . . with respect to the Government's plea offer." ECF No. 19. Accordingly, on October 5, 2018, the district judge referred this matter to the undersigned United States Magistrate Judge for the limited purpose of conducting an evidentiary hearing and filing findings of fact and conclusions of law regarding Pringler's claim. ECF No. 17.

In accordance with the order of reference, the magistrate judge appointed counsel for the limited purpose of representing Pringler on his claim that Mr. Martinez rendered ineffective assistance of counsel with respect to the Government's plea offer, and conducted a hearing on January 24, 2019. ECF Nos. 25, 31, 32. Both parties appeared and were represented by counsel. Based upon the testimony at the hearing, a review of court records related to this matter, and applicable law, the undersigned submits the following findings of fact and conclusions of law.

## II. Summary of Testimony

Pringler, Mr. Martinez, and retired Assistant United States Attorney (AUSA) Steven Sucsy testified at the evidentiary hearing. Pringler stated that Mr. Martinez met with him one time at the Lubbock County Jail to review the Government's plea offer. Pringler claims Mr. Martinez told him the Government was offering a "ten-year deal." In response to the purported offer, Pringler testified that he told Mr. Martinez that after looking at the statute, he had not forced the minor victim into prostitution and he was innocent; therefore, he desired to proceed to trial. Pringler alleges Mr. Martinez told him he thought they had a "good shot" of winning at trial.

Pringler additionally stated that he did not recall Mr. Martinez showing him the plea paperwork or proposed factual resume during their meeting at the jail. On cross examination, however, Pringler conceded that he *did* remember reviewing the factual resume. Pringler further alleged that during the meeting, Mr. Martinez did not go over the elements of the offense. Pringler later testified, however, that Mr. Martinez did examine the relevant statute with him, and Pringler acknowledged that he had also reviewed the statute. In addition, Pringler claimed that he was unaware of the federal sentencing guidelines until after trial, when Mr. Martinez allegedly first reviewed the guidelines with him.

In response to Pringler's testimony concerning the purported plea offer, AUSA Sucsy testified that the actual proffered plea agreement: (1) advised Pringler that he would receive a sentence between ten years and life; (2) informed Pringler the sentence imposed was wholly within the discretion of the district court; and (3) never promised a flat, ten-year deal. AUSA Sucsy stated that he anticipated Pringler would face a sentence between 135 and 168 months, but he did not share that estimate with Mr. Martinez. AUSA Sucsy also noted that when pleading guilty, a defendant must admit to guilt, and a defense attorney that permits his client to plead guilty when the client maintains his innocence would fall below the level of reasonably adequate performance. Ultimately, AUSA Sucsy opined that Pringler did not plead guilty because he "simply didn't want to do the time."

Pringler's trial counsel, Mr. Martinez, testified that he has practiced primarily criminal law since November 1979, handling a mixture of federal and state cases. Pringler initially retained Mr. Martinez to represent him on state criminal charges, and later, the federal charges that form the basis of the instant claim. Mr. Martinez testified (and provided exhibits in support) that he visited Pringler on July 18, 2011, at the Lubbock County Jail to review the cover letter, plea agreement, and factual resume provided by the Government. Prior to going to the jail, Mr. Martinez stated that he signed the plea agreement and factual resume because he believed the plea offer was in Pringler's best interest and thought Pringler would accept it.

In his testimony, Mr. Martinez further noted that the factual resume contains the elements of the charge to which Pringler would be pleading guilty, and he reviewed those elements with Pringler. Martinez stated he never advised Pringler that force was an element of the offense, even though Pringler fixated on the issue in maintaining his innocence, and continuously denied he forced the minor victim into prostitution. Mr. Martinez also explained that he never told Pringler

the Government was offering a flat, ten-year plea deal. Mr. Martinez stated that in every federal criminal case, he provides his client with a copy of the sentencing table to review the potential sentencing ranges. He further detailed that he informed Pringler of the predicted base offense level, and showed him the corresponding sentencing table. Mr. Martinez could not specifically recall discussing any upward or downward adjustments to the sentencing range, but his notes on a copy of the sentencing table lead him to believe that he did so. Mr. Martinez averred that he did not anticipate any sentencing enhancements would apply in Pringler's case, but explained to Pringler that he could only provide an estimate of his sentencing exposure.

Mr. Martinez testified that he advised Pringler to accept the plea. Pringler, however, would not agree with or admit to most of the statements in the factual resume (and he continued to deny their veracity on cross-examination at the § 2255 hearing), and would therefore not agree to the plea offer. Because Pringler maintained that he had not forced the minor victim into prostitution, Mr. Martinez proceeded to trial on that defense, at his client's request. Mr. Martinez stated that he never guaranteed Pringler he would prevail at trial.

### III.  Findings of Fact

Based on the testimony elicited at the hearing, the court finds the following:

A. David Martinez has been licensed to practice law in Texas since November 1979, and is admitted to practice in the Northern District of Texas. He largely practices criminal law, handling a mixture of federal and state criminal cases.

B. On June 1, 2011, a grand jury indicted Pringler on three counts: conspiracy to commit sex trafficking of a child in violation of 18 U.S.C. § 371; sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1) and (2); and conspiracy to engage in sex trafficking of a child in violation of 18 U.S.C. § 1594(c).

C. Mr. Martinez filed a notice of appearance as retained counsel for Pringler on June 21, 2011.

D. On July 11, 2011, retired AUSA Steven Sucsy communicated a plea offer to Martinez via e-mail. The Government offered to allow Pringler to plead guilty to a single count of sex trafficking of a child and aiding and abetting, violations of 18 U.S.C. § 1591(a)(1) and (2). In the e-mail, AUSA Sucsy forwarded a proposed written plea agreement and factual resume to Martinez. Government Exs. 3, 4. Paragraph 3 of the proposed plea agreement set forth the maximum penalties, and included the penalty of "imprisonment for a period of not less than ten (10) years, and up to life." Government Ex. 3, at 2. Paragraph 4 provided that the sentencing guidelines were advisory only. *Id.* Further, paragraph 5 stated that the plea agreement did "not create a right to be sentenced within, or below, any particular guideline range" and that "the actual sentence imposed (so long as it is within the statutory maximum)" would be "solely in the discretion of the Court." *Id.* at 3. AUSA Sucsy included a cover letter with the documents, which explained that if Pringler desired to plead guilty and potentially receive a three-level reduction for acceptance of responsibility, he needed to return the papers by July 18, 2011. Government Ex. 2.

E. Mr. Martinez met with Pringler on July 18, 2011; however, their testimony concerning this meeting conflicts. Pringler testified that Mr. Martinez did not go over the elements of the offense, sentencing guidelines, or factual resume with him. Pringler further stated that Mr. Martinez told Pringler he would prevail at trial. Mr. Martinez, on the other hand, testified that he reviewed the cover letter, plea agreement (which included the statutory sentencing range of ten years to life), and proposed factual resume (including the elements of the offense, which appeared on the first page of the factual resume) with Pringler during the July 18 meeting. *See* Government Exs. 6–10. Mr. Martinez also attested he advised

Pringler that, under the terms of the plea offer and considering the advisory guidelines, he would face at least a 144-month sentence were he to accept the plea. *See* Government Exs. 6–7. The documents Mr. Martinez provided from his file, which the court admitted into evidence, corroborate Mr. Martinez's testimony. *See* Government Exs. 6, 7, 9, 10. Specifically, Mr. Martinez made handwritten notes, dated July 18, 2011, showing that he estimated Pringler's base offense level; Martinez testified that he shared this estimate with Pringler. *See* Government Ex. 6. Mr. Martinez further stated that in every federal case, he always takes a copy of the Sentencing Table to give to his client. *See* Government Ex. 7 (Mr. Martinez stated that although he did not specifically remember discussing Pringler's sentencing exposure, his notes on the Sentencing Table lead him to believe that he reviewed Pringler's potential sentence relative to his decision to stand trial versus plead guilty.). Mr. Martinez also took handwritten notes as he reviewed the factual resume with Pringler. *See* Government Ex. 10. The notes, as well as Mr. Martinez's testimony, confirm Pringler's unwillingness to admit to many of the facts contained in the resume and resulting willingness or ability to plead guilty. Based on the demeanor of the witnesses and the documents from Mr. Martinez's case file, the court credits Mr. Martinez's testimony and finds that he accurately presented the Government's plea offer to, and reviewed it with, Pringler.[1] The court further finds that Mr. Martinez also reviewed with Pringler the proposed factual resume, elements of the offense, and potential sentencing exposure.

F. During their July 18 meeting, Pringler denied many of the facts set forth in the factual resume and insisted that he had not forced the minor victim to participate in anything; thus,

---

[1] Pringler's testimony was inconsistent and contradictory. For example, he denied that Mr. Martinez reviewed the elements of the offense but also stated that they examined the statute. Pringler also denied going through the factual resume with Mr. Martinez, but then later admitted they did review it, as confirmed by Martinez's case notes, which reflect that they reviewed each paragraph.

he would not plead guilty. *See* Government Ex. 10 (Martinez documented Pringler's remarks as they reviewed the factual resume. Martinez specifically noted the paragraphs in the factual resume that Pringler claimed to be "N.T"—or, not true.).

G. Mr. Martinez's pre-trial sentencing estimate of 144 months was consistent with AUSA Sucsy's (although Sucsy never conveyed his estimate to Pringler or Martinez), who testified that he believed Pringler might face 135 to 168 months' imprisonment. At the time Mr. Martinez projected Pringler's potential sentence, he did not anticipate any sentencing enhancements. Mr. Martinez did, however, advise Pringler that he could only provide an estimate, and Martinez never promised Pringler that he would receive a flat ten-year sentence if he chose to plead guilty.

H. Prior to meeting with Pringler on July 18, Mr. Martinez signed the plea offer and factual resume, believing that the offer was in Pringler's best interest and anticipating that Pringler would accept it. *See* Government Exs. 9, 10.

I. Mr. Martinez advised Pringler to accept the plea offer. Pringler, however, elected to proceed to trial.

J. The Government never offered Pringler a flat "ten-year deal."

K. On August 10, 2011, the Government filed a superseding indictment, which charged Pringler with a single count of sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1)—the same offense for which Pringler rejected the plea offer. The Government did not extend a plea offer on the superseding indictment.

L. On August 22, 2011, the trial commenced. At Pringler's insistence, Mr. Martinez proceeded to trial on the theory that Pringler had not forced the minor victim into any act.

M. During the trial, the elements of the offense were clearly explained to the jury, in Pringler's presence. Pringler never stopped the trial or indicated that he desired to plead guilty at any time.

N. Mr. Martinez did not guarantee Pringler that he would prevail at trial.

O. On August 24, 2011, a jury found Pringler guilty on the one-count superseding indictment.

P. In anticipation of sentencing, the United States Probation and Pretrial Services prepared a presentence investigation report (PSR). The PSR noted that after his arrest, Pringler wrote several letters to his co-defendant in an attempt to intimidate her. Because the PSR construed this as an attempt to obstruct justice, it is unlikely that, at sentencing, Pringler would have received a three-point reduction to his base offense level for acceptance of responsibility even if he had pleaded guilty. Mr. Martinez was unaware of Pringler's letters when he estimated Pringler's sentencing exposure during the July 18 meeting.

Q. After sentencing, Pringler sent a letter to Mr. Martinez, insisting that he should not have been found guilty because the minor victim acted of her own free will.

### IV. Conclusions of Law

The Sixth Amendment guarantees criminal defendants the right to "effective assistance of competent counsel." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). This right "extends to the plea-bargaining process." *Id.* (citing *Missouri v. Frye*, 566 U.S. 134, 140, 144 (2012)); *see United States v. Mendoza*, Nos. 2:03–CR–0047 (19), 2:05–CV–0294, 2009 WL 1605655, at *11 (N.D. Tex. June 8, 2009) (citing *Colson v. Smith*, 438 F.2d 1075, 1078–80 (5th Cir. 1971)) ("The right to effective assistance of counsel includes the right to reasonably competent professional advice from counsel when making the decision to accept or reject a plea offer."). The plea bargain phase is "a critical stage" for receiving

effective assistance of counsel. *See Lafler*, 566 U.S. at 165; *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)) ("[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel."); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992) (citing *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 437–38 (3d Cir. 1982)) (explaining that "the plea bargain stage [is] a critical stage at which the right to effective assistance of counsel attaches"). "Indeed, th[e Fifth] Circuit has observed that providing counsel to assist a defendant in deciding whether to plead guilty is '[o]ne of the most precious applications of the Sixth Amendment.'" *Rivas-Lopez*, 678 F.3d at 357 (quoting *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004)).

Claims of ineffective assistance of counsel during the plea-bargaining process—such as the claim Pringler makes here—are evaluated under the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Lafler*, 566 U.S. at 163. To establish a claim for ineffective assistance of counsel under *Strickland*, a movant must demonstrate that: (1) his counsel's representation "fell below an objective standard of reasonableness"; and (2) he was prejudiced by his counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (quoting *Strickland*, 466 U.S. at 687–88). A movant's failure to satisfy either prong of the *Strickland* test is generally fatal to his claim. *Strickland*, 466 U.S. at 700; *see United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014).

Under the first prong of the *Strickland* test (the "performance" prong), a movant must overcome a strong presumption that his attorney's conduct fell within a wide range of reasonable professional judgment. *Strickland*, 466 U.S. at 687–91; *see Rivas-Lopez*, 678 F.3d at 357 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)) ("For the deficiency prong, counsel's performance

is to be accorded 'a heavy measure of deference.'"). The Fifth Circuit "has described that standard as 'requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful.'" *United States v. Herrera*, 412 F.3d 577, 579 (5th Cir. 2005) (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

Under the second prong of the *Strickland* test (the "prejudice" prong), a movant must demonstrate "a reasonable probability that he was prejudiced by his attorney's professional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163 (citing *Frye*, 566 U.S. at 147–48). That is, the movant must show that he would have accepted the alleged plea offer, the district court would have approved the offer, and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 164; *see Rivas-Lopez*, 678 F.3d at 357; *Day*, 969 F.2d at 45.

Here, Pringler contends that Mr. Martinez denied him effective assistance of counsel during plea bargaining because Martinez failed to (1) adequately and comprehensively advise him of the Government's plea offer; and (2) provide sufficient advice on whether to proceed to trial. *See* Mot., at 5. Pringler maintains that he was prejudiced by Mr. Martinez's alleged failure to properly advise because if he had received adequate information, he would have accepted the Government's plea offer rather than proceeding to trial.

Pringler has not demonstrated that Mr. Martinez provided ineffective assistance of counsel in violation of the Sixth Amendment. First, Pringler has not pleaded any facts showing that Mr. Martinez provided deficient counsel under *Strickland*'s performance prong. Pringler alleges that Mr. Martinez "failed to provide [him] with the proper legal advice that would have allowed [him]

to properly evaluate whether he should have accepted the [plea] offer." *Id.* The evidence shows, however, that on July 18, 2011, Mr. Martinez communicated the Government's written plea offer and reviewed the elements of the charge to which Pringler would plead guilty, along with the proposed factual resume and potential sentencing exposure. As demonstrated by his notations in the margins, Mr. Martinez painstakingly examined each paragraph of the proposed factual resume with Pringler, who denied most of the information in the document. *See* Government Ex. 10. Similarly, Mr. Martinez explained the sentencing guidelines to Pringler and estimated Pringler's possible sentence exposure should he elect to accept the plea offer.[2] Government Ex. 7. The court finds Pringler's contrary assertions—that Mr. Martinez did not review the elements of the offense, sentencing guidelines, or factual resume—to be self-serving and contradicted by the record evidence. *See United States v. Brown*, 727 F.3d 329, 341 (5th Cir. 2013) (citing *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996)) (noting that a fact-finder is "well positioned to evaluate . . . credibility and [is] entitled to reject [witness] testimony as self-serving and inconsistent with the balance of the evidence presented"); *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998) (observing that a magistrate judge may make credibility findings based on evidence presented at an evidentiary hearing in a § 2255 case).

Mr. Martinez recommended, based on the information available to him (including the discovery and Pringler's potential sentencing exposure), that Pringler accept the Government's

---

[2] An attorney's performance may fall below the objective standard required by *Strickland* where he grossly underestimates a defendant's sentencing exposure. *See Grammas*, 376 F.3d at 436–37. "When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court." *Id.* at 436 (quoting *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995)). In this case, Pringler does not contend that Mr. Martinez substantially underestimated his exposure were he to be found guilty at trial. Instead, Pringler asserted at the evidentiary hearing that Mr. Martinez *never* reviewed his potential sentencing exposure with him. But as the court has already discussed, it does not find Pringler's claim in this regard credible. *See* Finding of Fact E. Moreover, at the time Mr. Martinez discussed Pringler's potential sentence, Martinez was unaware that Pringler had obstructed justice and likely would *not* receive a three-level reduction to his base offense for acceptance of responsibility. *See* Finding of Fact O. Thus, the court finds Mr. Martinez's performance satisfied his constitutional obligations with respect to his sentencing estimates.

plea offer.[3] Pringler insisted, however, that he had not forced the minor victim into anything, and elected to proceed to trial.

The court finds, based on the evidence of record, that Mr. Martinez adequately conveyed the plea offer to, and advised Pringler regarding, the plea offer. Accordingly, Pringler has failed to meet his burden of demonstrating that Mr. Martinez rendered deficient performance under the first *Strickland* prong, and the district court should dismiss his claim on this basis alone. *See, e.g., Brito v. United States*, CIVIL ACTION NO. 1:11–CV–393, 2014 WL 3736211, at *12 (E.D. Tex. July 29, 2014) (finding that movant "knew the benefits of pleading guilty and understood that if he proceeded to trial and was convicted, he faced a severe term of imprisonment"); *Navarrette v. United States*, MO–11–CV–00073–RJ–DC, 2013 WL 12351149, at *6–7 (W.D. Tex. Nov. 15, 2013) (citing *United States v. Pitcher*, 559 F.3d 120, 125 (2d Cir. 2009)) (finding movant had not established counsel's performance fell below *Strickland*'s objective standard where evidence showed that counsel informed movant of statutory maximum sentence and movant maintained innocence, noting that "counsel does not have a duty to persuade the defendant into pleading guilty"); *Lerma-Castillo v. United States*, 2009 WL 2914235, at *5–6 (W.D. Tex. Sept. 8, 2009) (explaining "the Court cannot and does not find [counsel's] legal assistance deficient because he chose to try Petitioner's case rather than force her to plead guilty, given [Petitioner's] unwavering claims of innocence")

Similarly, Pringler has not established prejudice in that he failed to prove he would have accepted the Government's plea offer absent any alleged deficient performance. In his Motion,

---

[3] In his Motion, Pringler asserts that Mr. Martinez told Pringler "he would win at trial." Mot., at 5. Mr. Martinez testified, however, that he advised Pringler to plead guilty because he believed the plea offer to be in Pringler's best interest. Mr. Martinez's case file notes likewise reflect that he anticipated Pringler would plea and that the plea was in Pringler's best interest. *See* Government Exs. 9, 10 (reflecting that Martinez signed the plea agreement and factual resume in anticipation of their July 18 meeting). The court credits Mr. Martinez's testimony in this regard. *See Brown*, 727 F.3d at 341 (citing *Sotelo*, 97 F.3d at 799).

Pringler avers that he "would have accepted the ten year offer," but Mr. Martinez's "wrong advice caused the movant to proceed to trial and receive a 405 month sentence." Mot., at 5. In other words, Pringler premises his Motion on the contention that he would have accepted a ten-year plea deal—not that he would have pleaded to the deal actually offered. *See id.* The Government, however, did not promise Pringler he would receive a ten-year sentence by pleading guilty.[4] Moreover, even at the evidentiary hearing, Pringler continued to insist that many of the paragraphs in the proposed factual resume were not true. This again confirms that he would not have signed the factual resume attesting that the "facts are true and correct," and further corroborates Mr. Martinez's testimony that Pringler stubbornly denied his guilt. The evidence shows that Pringler's decision to go to trial was not based on any alleged deficient advice Mr. Martinez gave him, but instead his steadfast claim of innocence.

Similarly, Pringler has not demonstrated that he would have received a lesser sentence had he pleaded guilty. Mr. Martinez estimated Pringler's base offense level at 34. *See* Government Ex. 7. At the time, Mr. Martinez was not aware of his client's obstructive conduct, and advised Pringler he would receive a three-point reduction for acceptance of responsibility if he pleaded guilty. Following the jury's guilty finding, however, the PSR recommended several enhancements, which the district judge ultimately accepted, including those for use of a computer and obstruction of justice. Pringler would have been assessed these enhancements even if he had pleaded guilty, and it is unlikely he would have received a three-point reduction for acceptance of responsibility due to the obstruction finding. In other words, the evidence shows that any

---

[4] Quite the opposite, the plea offer provided for a possible sentence of not less than ten years, and up to life, and also admonished Pringler that the plea did not provide Pringler with a right to be sentenced within a particular guideline range. Government Exs. 3, 9. Pringler testified that he would have accepted the plea if the ten-year sentence was binding; however, that is not the offer the Government extended to Pringler.

possibility Pringler would have received a lesser sentence by electing to plead guilty is purely speculative.

In sum, Pringler has wholly failed to show prejudice by demonstrating that he would have accepted the proposed plea offer but for Mr. Martinez's alleged constitutionally deficient performance. *See, e.g., Frye*, 566 U.S. at 148 (explaining that movant must show that he would have accepted the plea offer pursuant to the terms actually proposed); *Scribner v. United States*, Civil No. 3:13-CV-1147-O-BH, 2017 WL 3224671, at *5–6 (N.D. Tex. July 31, 2017) (noting evidence showed that at the time he decided to go to trial, movant not only "consistently insisted on his lack of intent," which was not an element of the charge, but also maintained that he was not guilty; therefore, movant failed to show a "reasonable probability that he would have been willing to plead guilty"); *Flores v. United States*, PE: 12-CV-100, 2014 WL 12721925, at *7 (W.D. Tex. Aug. 26, 2014) (finding movant had not established prejudice where evidence showed that he disagreed with the drug weight listed in the plea agreement and would therefore have not accepted the offered plea). Thus, Pringler has not established prejudice as required under the second *Strickland* prong.

In this case, Mr. Martinez provided Pringler with the information he needed to make an informed decision. Pringler chose to roll the dice by going to trial, hoping that a jury would acquit him. Pringler lost his gamble, and now seeks a second bite of the apple. He has failed, however, to carry his burden under *Strickland*, and his § 2255 Motion should be dismissed.

## V. **Recommendation**

For the foregoing reasons, the undersigned recommends that the United States District Court deny Pringler's claim that Mr. Martinez provided ineffective assistance of counsel with respect to the Government's plea offer and dismiss Pringler's Motion.

## VI.     Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 29, 2019

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE